UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

TYRELL MELTON,

    Plaintiff,

v.

RADER FOODS, INC.

    Defendants,

_____/

## **COMPLAINT**

Plaintiff TYRELL MELTON ("Plaintiff" or "Moore") sues defendant RADER FOODS ("Defendant"), and alleges:

## **NATURE OF THE ACTION**

1. This is an action by Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"), to redress injury done to him by Defendant's discriminatory, and retaliatory treatment on the basis of disability.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action under 42 U.S.C. § 2000e *et seq*., and 28 U.S.C. §§ 1331, 1343(3) and (4) and 1367(a).

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391, because Defendant resides in this district, having its principal place of business within this district; also, because Defendant is subject to the Court's personal

1

jurisdiction with respect to the civil action at bar and because all or a substantial part of the events or omissions giving rise to this cause of action took place in this judicial district.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. Plaintiff is a resident of Broward County, Florida, who was employed by Defendant was disabled or perceived to be disabled, as such is a member of certain protected classes of persons.

6. At all times material to this Complaint, Plaintiff was an "employee" and "aggrieved person" as defined by 42 U.S.C. § 2000e(f); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(10). Plaintiff specifically incorporates the definitions of "employee" and "aggrieved person."

7. At all times material, Defendant RADER FOODS was a for profit corporation headquartered in Miami-Dade County Florida authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

8. At all times material, Defendant was an "employer" as defined by 42 USCS § 12111(5); 42 USC § 2000e(a) and (b); 42 U.S.C. § 12111(4); and Fla. Stat. § 760.02(7). Plaintiff specifically incorporates the definition of "employer."

9. At all times material, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar

year.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to bringing this action have been fulfilled. Plaintiff dual-filed Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about August 11, 2022, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. *See* **composite Exhibit "A."**

## STATEMENT OF FACTS

11. The Defendant is a company that delivers gourmet foods and related products to professional kitchens.

12. Plaintiff worked as a driver for the Defendant from February 28, 2022, until his termination on, or about May 23, 2022.

13. As a driver Plaintiff's duties were to deliver products to clients and to occasionally work in the warehouse.

14. Plaintiff was able to successfully complete his job duties and was treated as a valued member of the team, however that changed after he injured his hand and reported it to his supervisor.

15. On the weekend of May 21 – 22, 2022, Plaintiff suffered an injury to his hand while at home.

16. When he arrived at work on the morning of May 23, 2022, Plaintiff showed his supervisor, Edwin Giraldo, his hand which he believed was bruised and asked if he could work

inside the warehouse instead of driving that day.

17. Mr. Giraldo told Plaintiff to get his hand checked at the hospital to make sure it was not broken.

18. When he was diagnosed at the hospital, Plaintiff learned that his hand was indeed broken.

19. Plaintiff called the Defendant to let them know his diagnosis.

20. Later that same day Plaintiff received a call from Defendant's logistics manager Franklin Adams who notified Plaintiff that he was being terminated and could pick up his check the following Friday.

21. Plaintiff was told that he was being terminated for days that he missed previously, but that reason is pretext.

## **COUNT I: VIOLATION OF THE ADA – DISABILITY DISCRIMINATION**

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. Plaintiff suffered a hand injury and immediately notified his supervisor.

24. Plaintiff went to the hospital and was subsequently diagnosed with a broken hand.

25. Plaintiff's condition qualifies as a disability or was regarded as a disability by Defendant, within the meaning of the ADA.

26. Defendant was aware of Plaintiff's medical condition.

27. At all times during his employment, Plaintiff was qualified to perform the essential functions of his position with or without reasonable accommodations.

28. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of his employment.

29. Defendant discriminated against Plaintiff because of his disabilities, in violation of the ADA. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

30. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's disability.

31. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to disability. The discrimination on the basis of disability constitutes unlawful discrimination.

32. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff TYRELL MELTON respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

  e) Award Plaintiff reasonable costs and attorney's fees; and

  f) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## **COUNT II: VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION**

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

34. Defendant's treatment of Plaintiff as described above is based on Plaintiff's disability or Defendant's perception of the same. Alternatively, Plaintiff's disability was a motivating factor in the Defendant's decision to discriminate against Plaintiff.

35. Defendant did not treat similarly situated, non-disabled individuals in the same manner.

36. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of his employment in violation of the FCRA.

37. Plaintiff has been subjected to disparate treatment because of his disability or handicap in violation of the FCRA, and because of such actions by Defendant he has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

38. Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FCRA.

39. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has

been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff TYRELL MELTON respectfully requests that this court order the following:

a) Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

b) Award injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant;

c) Award actual damages suffered, including lost wages, loss of fringe benefits and damages;

d) Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 28, 2022.

Respectfully submitted,

**s/Brandon J. Gibson**
Brandon J. Gibson
Florida Bar No.: 0099411
E-mail: bgibson@rtrlaw.com
REIFKIND, THOMPSON, & RUDZINSKI, LLP
3333 W. Commercial Blvd, Ste. 200
Fort Lauderdale, Florida 33309
Telephone : (954) 370-5152
Facsimile : (954) 370-1992
*Counsel for Plaintiff*