United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Tyrell Melton, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-23148-Civ-Scola |
| | ) |
| Rader Foods, Inc., Defendant. | ) |

**Order**

This matter is before the Court on the Defendant's motion to dismiss the Plaintiff's complaint. (Mot., ECF No. 9.) The Plaintiff filed a response to the motion (ECF No. 14), and the Defendant filed a reply in support of its motion (ECF No. 15). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion. (**ECF No. 9**.)

1. **Background**

Plaintiff Tyrell Melton brings two claims against his former employer, Defendant Rader Foods, Inc. ("Rader Foods"). The first (Count I of Melton's complaint) alleges that Rader Foods discriminated against him in violation of the Americans with Disabilities Act (the "ADA") by terminating him after he broke his hand. (Compl. ¶¶ 22-32, ECF No. 1.) The second (Count II) alleges that Rader Foods discriminated against Melton in violation of the Florida Civil Rights Act (the "FCRA") for the same reason. (*Id.* ¶¶ 33-39.)

Melton contends that shortly after he broke his hand, Rader Foods terminated him. (*Id.* ¶¶ 15-20.) Although Rader Foods informed Melton that he was being terminated due to missing prior days of work, Melton contends that this reason is pretextual. (*Id.* ¶ 21.) Instead, Melton alleges that Rader Foods fired him due to his broken hand. (*Id.* ¶¶ 29, 34.)

Rader Foods now moves to dismiss Melton's complaint. Rader Foods argues that Melton's complaint is deficient because he fails to plead sufficient facts to meet the ADA's or the FCRA's requirements for temporary injuries like a broken hand to be treated as disabilities. (Mot. at 1-2.) Rader Foods also argues that Melton's FCRA claim is untimely because Melton failed to exhaust his administrative remedies before filing suit. (*Id.* at 2.)

Melton responds, arguing that the complaint pleads sufficient facts such that a "reasonable inference can be made that" Rader Foods terminated Melton either because he was disabled or Rader Foods perceived him to be disabled. (Resp. at 3-7.) Additionally, Melton contends, the Court should not dismiss his FCRA claim for failure to exhaust administrative remedies because his premature filing has been cured by the passage of time. (*Id.* at 8-9.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

Melton's complaint fails to plead sufficient facts to nudge his "claims across the line from conceivable to plausible." *Id.* His complaint is generally devoid of any fact supporting the claim that his broken hand can actually be a disability or could have been perceived as a disability by Rader Foods. (*See generally* Compl.) Because Melton fails to plead sufficient facts to support his claim, the Court **grants** the motion to dismiss, and declines to consider the Defendant's argument regarding the exhaustion of administrative remedies.

The elements required to demonstrate that a temporary injury, such as a broken hand, is an actual disability under the ADA are a high bar, and the Plaintiff's bare-bones complaint fails to plead even one-line allegations supporting any of them. As Melton cites in his response, to demonstrate that his broken hand is an actual disability, he must plead facts demonstrating that the injury "impeded his ability to perform major life functions." (Resp. at 5 (citing *Poulous v. City of New York*, No. 14CV3023, 2015 WL 5707496, at *9 (S.D.N.Y. Sept. 29, 2015))); *see also Garcia v. Goodwill Indus. of S. Fla., Inc.*, No. 18-25042-CIV, 2019 WL 6052814, at *2 (S.D. Fla. Nov. 15, 2019) (Moreno, J.) ("a complaint must allege factual matter explaining *how* the alleged ailment substantially limits a major life activity.") And, as the Plaintiff also points out, broken bones typically do not qualify as a disability under the ADA because they typically do not impede one's ability to perform major life functions or limit a major life activity. (Resp. at 5 (*citing Guary v. Upstate Nat'l Bank*, 618 F. Supp. 2d 272, 275 (W.D.N.Y. 2009)).)

Regardless, Melton pleads no facts stating the manner in which his broken hand did (or did not) impair him. (Compl. ¶¶ 11-21.) His counts for relief are only a bare-bones recitation of the legal standards for ADA and FCRA actions, devoid

of supporting facts. (Compl. ¶¶ 22-32, 33-39.) Certainly, nothing in the complaint alleges that Melton was impeded from performing major life functions or activities due to his broken hand. Nor does anything the Plaintiff pleads support such an inference. He therefore fails to plead the existence of an actual disability that would support his claims for relief. *Garcia*, 2019 WL 6052814, at *3 ("Simply put, these conclusory allegations are not enough to state a plausible disability discrimination claim under the Americans with Disabilities Act, and by extension the Florida Civil Rights Act.").

Similarly, the elements required to show that an employer perceived a temporary injury to be a disability set a high bar that the Plaintiff also fails to clear. To demonstrate that Rader Foods perceived his broken hand to be a disability, Melton must allege that Rader Foods treated his broken hand as substantially limiting major life activities in some manner. *Rossbach v. City of Miami*, 371 F.3d 1354, 1359-60 (11th Cir. 2004).

To be sure, Melton does allege—in an incredibly conclusory fashion—that the Defendant perceived him to be disabled. (Compl. ¶¶ 25, 34.) Even if such conclusory allegations were sufficient, however, Melton's complaint still suffers from the same deficiency addressed previously: it pleads no facts whatsoever alleging that Rader Foods perceived he suffered an impairment of major life functions or activities. Nowhere does Melton plead that he was impaired or impeded from performing major life functions or activities, or that Rader Foods considered him to be so impaired. (*See generally* Compl.) Rather, the complaint is completely devoid of facts alleging such a perception or even supporting the inference of such a perception.

Melton's complaint therefore fails to provide even the barest of factual allegations to help push his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. As such, the Court must dismiss his complaint for failure to state a claim upon which relief may be granted.

### 4. Conclusion

For the reasons stated above, the Court **grants** the Defendant's motion to dismiss (**ECF No. 9**) and dismisses Melton's claims against Rader Foods **without prejudice**. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on January 5, 2023.

_____
Robert N. Scola, Jr.
United States District Judge